251 N.J. Super. 230 (1991)
597 A.2d 1088
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD PARTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1991.
Decided October 4, 1991.
*232 Wilfredo Caraballo, Public Defender, attorney for appellant (Harold C. Petzold, Jr., Designated Counsel, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Teresa A. Blair, Deputy Attorney General, of counsel and on the brief).
Before Judges PETRELLA, ASHBEY and ARNOLD M. STEIN.
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Defendant was found guilty of two counts of third degree arson (N.J.S.A. 2C:17-1b(1) and (2)) as lesser included offenses of two second degree aggravated arson counts (N.J.S.A. 2C:17-1a(1) and (2)). He received two concurrent five-year prison *233 terms, each with a two-and-one-half-year period of parole ineligibility. Total VCCB penalties of $60 and a fine of $500 were also imposed. We affirm.
The State offered proof that defendant set fire to a building in which there resided a female acquaintance who earlier that evening had rejected his overtures after he arrived late for a date.
The trial judge allowed testimony by a bloodhound handler that the dog tracked defendant from a mattress where it was suspected that he slept to the building which had been set on fire. We conclude that this testimony of dog tracking is admissible when a proper preliminary foundation has been established.
There is no reported appellate case in New Jersey dealing with tracking by dogs. The only reported decision is a trial court opinion, State v. Wanczyk, 196 N.J. Super. 397, 401-404, 482 A.2d 964 (Law Div. 1984), in which Judge Menza's thorough, carefully-reasoned opinion held such testimony admissible upon proper circumstances. We agree with the ruling in Wanczyk for the reasons set forth by Judge Menza and see no reason to rewrite his comprehensive analysis and conclusions on the subject.
There are universally accepted prerequisites to the admission of testimony regarding dog tracking:
1. The dog's handler must have sufficient knowledge, skill, training or experience to evaluate the dog's actions.
2. Once qualified as an expert, the handler must give testimony about the particular dog used and that the dog
a. is of a stock characterized by acute scent and power of discrimination and that this particular dog possessed those qualities;
b. was trained and tested and proved to be reliable in the tracking of human beings;
c. was laid on a trail where circumstances tended to show that the suspect has been, or a track which circumstances indicated was made by the suspect; and

*234 d. followed the scent or track to or towards the suspect's location and that the dog was properly handled during the tracking.
3. After this foundation has been laid, the handler may testify as to what the dog did during the tracking and give his interpretation and opinion of the dog's actions. State v. Wanczyk, supra, 196 N.J. Super. at 403-04, 482 A.2d 964; C.J.S. Criminal Law 2d § 646 at 531.
The trial judge correctly admitted this evidence of the dog tracking defendant to the scene of the arson. The dog's handler had been a member of the police K-9 unit since 1984. He had first trained in tracking with bloodhounds and thereafter attended numerous seminars and other courses on handling and training. Jackson, the dog he used for the tracking, was a purebred bloodhound, a breed which has extremely acute scent abilities. Jackson was first trained by practicing on eight different sight trails. His success was rewarded with liverwurst. The technique was repeated approximately fifty times, with the dog being rewarded and praised for success. The difficulty of the trails was gradually increased.
The handler had worked with Jackson on approximately twenty-five investigations. He testified that there were several cases in which the dog successfully tracked suspects.
The starting point of the tracking was a mattress behind a pharmacy on which it was believed that defendant slept. The dog was on a fifteen-foot lead. He was not pointed in any particular direction and the handler was not given the location of the fire. The dog picked up a scent which the handler testified was four to five days old, which he followed to the front door of the building which had been set on fire. According to the handler, bloodhounds sometimes can follow tracks as much as two weeks old. Although inclement weather would cause the scent to diminish, the day of this tracking was sunny and clear.
Based on his observations of the dog, the handler testified that the track was made by someone leaving the scene of the *235 fire and going to the mattress who was moving quickly and perspiring.
There was ample evidence of defendant's presence in the area of the mattress. The dog was properly handled. It was proper for the handler to testify about the dog's actions during the trailing and his understanding of those actions.
We accept Judge Menza's admonition in Wanczyk that dog training evidence is not dispositive of defendant's guilt or innocence, but, at best, circumstantial and corroborative evidence which the jury is free to accept or reject. Id. at 404, 482 A.2d 964. There was ample circumstantial evidence pointing to defendant as the arsonist. One of the building's victims had refused to go out with him after he showed up over an hour late for a date. A short time after the fire started, defendant was seen in the area of the building acting in a peculiar manner. One day after the fire, defendant was arrested for soliciting money for its victims, specifically mentioning the woman who had earlier rebuffed his advances. Later, defendant told the police that "someone would have to be demented to walk past an open door and throw in a fire bomb because the fire definitely started in the hallway." The police had not yet made public any information about the cause or origin of the fire.
Defendant also raises the following additional arguments on this appeal:
POINT II THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.
A. DEFENSE COUNSEL DID NOT PROVIDE DEFENDANT WITH THE NECESSARY INFORMATION UPON WHICH TO KNOWINGLY WAIVE HIS RIGHT TO TESTIFY AT TRIAL DUE TO THE FAILURE OF THE COURT TO COMPLETE THE HEARING ON THE ADMISSIBILITY OF HIS PRIOR CONVICTION.
B. THE DEFENSE COUNSEL FAILED TO MAKE A MOTION FOR MISTRIAL AT THE CLOSE OF THE STATE'S CASE BASED ON THE PROSECUTOR'S PREJUDICIAL OPENING REMARKS WHICH SERVED TO BUTTRESS THE TESTIMONY OF THE DISCLOSED ARSON EXPERT PRESENTED BY THE STATE.

*236 POINT III THE TRIAL COURT ERRED IN PERMITTING THE TESTIMONY OF THE POLYGRAPH RESULTS.
We conclude that these contentions are clearly without merit. R. 2:11-3(e)(2).
Affirmed.